CAMERON S. WALKER, WSB No. 5-1451
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY  82601
Telephone - (307) 235-6681/Fax - (307) 234-5099
Email cam@schwartzbon.com
          Attorneys for Defendant Robert A. Harmon d/b/a Harmon Transport

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ROBERT CUNNINGHAM, | |
| Plaintiff, | Civil Action No. 15-CV-159-J |
| vs. | |
| ROBERT A. HARMON, individually and d/b/a/ HARMON TRANSPORT, and PORTS TO PLAINS TRAVEL PLAZA, INC., | |
| Defendants. | |

## COMBINED MOTION AND BRIEF TO STRIKE
## PLAINTIFF'S SUPPLEMENTAL EXPERT WITNESS DESIGNATION-CALKIN

Defendants Robert A. Harmon, individually and d/b/a Harmon Transport, by and through their undersigned counsel, submit the following:

### BACKGROUND

Plaintiff's expert designation deadline date was August 9, 2016. At that time, he designated Albert Calkin as a liability expert against both Ports to Plains and Harmon. His opinions as to

Harmon, as set forth in his expert report, appear on the pages of his report attached as Appendix 1. Mr. Calkin's deposition was taken October 14, 2016. Nowhere in his report, designation, or deposition did Mr. Calkin refer to the Commercial Driver's License Manual, or Federal Motor Carrier Safety Regulations dealing with CDL Manuals. On April 11, 2017, long after the close of discovery, long after the date to designate experts, and long after Mr. Calkin's deposition was taken, he now adds the additional opinions found in his Supplemental Designation.

Defendants filed a Motion in Limine to prohibit introduction of a Nebraska CDL Manual as evidence [Doc. 71], and to prohibit Ports to Plains' expert Pinckney from referring to the CDL Manual [Doc. 66]. The motions have not yet been ruled upon.

**Supplemental Designation**

The supplemental designation introduces new material into the case, being Part 383 of (b) of the Federal Motor Carrier Safety Regulations and reference to various CDL Manuals, including specific portions thereof, in order to bolster an opinion with information that was never hinted at nor expressed by Mr. Calkin before. The supplemental designation is clearly intended to find a "back door" way around these Defendants' motions in limine addressing the CDL Manual.

## LAW AND ARGUMENT

**Timely disclosure**

> The Court has been quite clear on what a party is to include in its expert witness designations:
>
> Rule 26(a)(2) and Local Rules 26.1(e)(3), (4) govern disclosure of expert witness designations. Rule 26(a)(2) states that in addition to those disclosures required by Rule 26(a)(1), parties are to disclose the identities of witnesses they may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A). Concerning written reports, the Rule states:
>
>> [*u*]*nless otherwise stipulated or ordered by the court*, this disclosure must be accompanied by a written report ... if the witness is one retained or specially employed to provide expert testimony in the case .... The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered

> by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authorized in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

*Iversen v. Sentinel Ins. Co., Ltd.,* No. 13-CV-237-F, 2014 WL 11498046, at *3 (D. Wyo. Apr. 25, 2014). "Parties are entitled to a **timely** and detailed description of what the witnesses relied upon in forming each particular opinion so the opposing party may adequately prepare discovery for the deposition and cross-examination of the witness at trial." *Kehler v. Bridgestone Americas Tire Operations, LLC*, No. 15-CV-127-J, 2016 WL 6080230, at *3 (D. Wyo. Aug. 3, 2016); Fed. R. Civ. P. 26(a)(2); U.S.D.C.L.R. 26.1(e). (emphasis supplied).

## **Supplemental Designations Are Limited**

> Plaintiffs have moved to exclude testimony regarding portions of Dr. Whicker's 2004 supplemental report and 2005 declarations on the ground that the proffered testimony was not disclosed in his original 1996 expert report as required by Rule 26(a) and exceeds the bounds of supplemental expert disclosure permitted by the Rule 26(e). Specifically, Plaintiffs seek to exclude testimony by Dr. Whicker regarding: (1) the difficulty of measuring or detecting plutonium in soil, see Whicker Suppl. Report at 3–5; First and Second Whicker Decls. passim; (2) governmental or agency standards for permissible levels of plutonium in soil and how plutonium soil levels near Rocky Flats compare to these standards, see Whicker Suppl. Report at 9–10; (3) possible ways in which plutonium in soil can be disturbed, see id. at 11; First Whicker Decl., ¶¶ 11–12, 14, 17; Second Whicker Decl., passim; and (4) the unfeasibility of removing plutonium from Class properties, see Whicker Suppl. Report at 11–13.

> Rule 26(a)(2) requires parties to produce a written report by each expert witness that includes "a complete statement of all opinions to be expressed [by that witness] and the basis and reasons therefor." Fed.R.Civ.P. 26(a)(2); see Miller v. Pfizer, Inc., 356 F.3d 1326, 1332 (10th Cir.2004). This report must be "detailed and complete" and state "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Fed.R.Civ.P. 26 1993 advisory committee's note. The expert's report must be produced by the court-ordered deadline, which in this case was in November, 1996. A party that fails to disclose expert testimony in compliance with these rules may not present the expert's

3

> testimony at trial unless the failure to disclose was substantially justified or harmless. See Fed.R.Civ.P. 37(c)(1).
>
> 24 Rule 26(e)(1) permits, indeed requires, that an expert supplement his report and disclosures in certain limited circumstances. Those circumstances are when the party or expert learns the information previously disclosed is incomplete or incorrect in some material respect. See Fed.R.Civ.P. 26(e); Jacobsen v. Deseret Book Co., 287 F.3d 936, 953–54 (10th Cir.2002).102 This provision is "not intended to provide an extension of the expert designation and report production deadlines" and may not be used for this purpose. Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir.1998). Permissible supplementation under the Rules instead "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." Keener v. United States, 181 F.R.D. 639, 640 (D.Mont.1998); see Beller v. United States, 221 F.R.D. 689, 694–95 (D.N.M.2003).
>
> A supplemental expert report that states additional opinions or rationales or seeks to "strengthen" or "deepen" opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c). Beller, 221 F.R.D. at 695; see Keener, 181 F.R.D. at 641–42; Minebea Co., Ltd. v. Papst, 231 F.R.D. 3, 6 (D.D.C.2005). "To rule otherwise would create a system where preliminary [expert] reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given." Beller, 221 F.R.D. at 695. This result would be the antithesis of the full expert disclosure requirements stated in Rule 26(a).
>
> The opinions and discussion in Dr. Whicker's 2004 and 2005 supplemental disclosures that are challenged by Plaintiffs are improper supplements to his 1996 expert disclosures under these standards. I have reviewed these disclosures and Dr. Whicker's 1996 expert report and there is no question that Dr. Whicker's proffered testimony on the points identified by Plaintiffs are not attempts to correct inaccuracies in the 1996 report or to complete it based on information that was not available then. Rather, this testimony offers new or expanded opinions and discussion based largely on information that was available at the time of Dr. Whicker's initial disclosures. Such "supplementation" is not permitted under the Federal Rules.

*Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1168–70, 2006 WL 3533049 (D. Colo. 2006).

*Cook* is directly in point. There can be no argument that Calkins' new designation is designed to "correct inaccuracies," or, "fill interstices of an incomplete report" based upon previously unavailable information.

4

**Incorporation by Reference**

As further argument and objection to Mr. Calkin's supplemental designation, Harmon incorporates by refence the law and argument set out in their previous two Motions in Limine, Docs. 66 and 71.

## CONCLUSION

The prejudice to these Defendants is manifest.  The entire structure of the Federal Rules of Civil Procedure is to provide for early and complete disclosure of experts' opinions and to prohibit the last minute development of new opinions and new support for those opinions late in the case.  Harmon is left at a severe disadvantage at trial if these opinions and reference to the CDL Manual are allowed in evidence.  Plaintiff's Supplemental Expert Witness Designation for Mr. Calkin should be stricken, and he should not be allowed to express the opinions set forth therein.

DATED this 21st day of April, 2017.

/s/ Cameron S. Walker
CAMERON S. WALKER, WSB No. 5-1451
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY  82601
Telephone (307) 235-6681/Fax (307) 234-5099
cam@schwartzbon.com
Attorneys for Defendant Robert A. Harmon d/b/a Harmon Transport

## CERTIFICATE OF SERVICE

This is to certify that on the 21st day of April, 2017, the undersigned served the within and foregoing **COMBINED MOTION AND BRIEF TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT WITNESS DESIGNATION-CALKIN** upon the following registered filing user(s) pursuant to the CM/ECF System:

Scott Stinson
Stinson Law Group, P.C.
1421 Rumsey Avenue
Cody, WY  82414

Lance E. Shurtleff
Deborah M. Kellam
Craig A. Sargent
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300 (mailing)
Denver, CO  80202
866 N. 4th Street, Suite 3
Laramie, WY  82072

T. Thomas Metier
Metier Law Firm, LLC
4828 South College Avenue
Fort Collins, CO  80525

                              /s/ Cameron S. Walker
                              Cameron S. Walker
                              SCHWARTZ, BON, WALKER & STUDER, LLC